GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SEBRINA SINGLEY

            Plaintiff,                    Dkt. No.: 18-cv-4782

    -against-                           **COMPLAINT**

CONSTRUCTION AND REALTY SERVICES GROUP,
and TRADE OFF LLC

            Defendants.

------------------------------------------------------------------------X

Plaintiff Sebrina Singley, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants Construction and Realty Services Group Inc., and Trade Off LLC, alleges as follows:

**Nature of the Action and Preliminary Statement**

1. This is an action for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law ("NYCHRL").

2. Ms. Singley worked as a laborer for Defendants on various construction sites from August 2016 until August 2017. During that period, Ms. Singly was sexually harassed by two different supervisors.

1

## THE PARTIES

3. Plaintiff Sebrina Singley is an African American woman who lives in Brooklyn, New York.

4. Defendant Construction and Realty Services Group Inc. ("CRSG") is a corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

5. Defendant Trade Off LLC ("Trade Off") is a corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

6. Trade Off is a division of CRSG. Trade Off and CRSG (collectively "Respondents") have common ownership and directors, share management and human resources services, share payroll and insurance programs, have common employees and managers and share office space. Indeed, Trade Off and Trade Off Plus employees are covered under benefit plans in the name of CRSG.

## VENUE AND JURISDICTION

7. This Court has jurisdiction over Ms. Singley's Title VII claim pursuant to 28 U.S.C. §1343 and §1331. Ms. Singley filed a complaint with the Equal Employment Opportunity Commission on February 15, 2018. The EEOC issued a right to sue letter, attached hereto as Exhibit A, on March 30, 2018. This Court has jurisdiction over Ms. Singley's claims under the New York City Human Rights Law pursuant to 28 U.S.C. §1367.

8. Venue is properly before this Court pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. This Court has personal jurisdiction over Defendant because they operate businesses in New York State and employed Plaintiff within New York State.

## THE FACTS

10. Ms. Singley worked for Defendants from August 2016 until August 2017.

11. During the time Ms. Singley worked for Defendants, she was sexually harassed. The sexual harassment began at the first site to which she was assigned, on Charlton Street, where the foreman, whose first name was Tim, would ask Ms. Singley personal questions about her romantic involvements. On one occasion, Tim sexually propositioned Ms. Singley.

12. In April 2017, Ms. Singley was working at the 118 Fulton Street location where she was severely harassed by the foreman on that site, Anthony Taylor.  During her second week on the site, Taylor brought her to a private location, came very close to her and tried to hug her. Ms. Singley told him firmly that she was not interested in any sort of relationship with him.

13. Taylor would become extremely upset if he saw Ms. Singley speaking to other men on the jobsite, which she was required to do as part of her job duties.  On one occasion, Taylor threatened to beat up an electrician for speaking to Ms. Singley and on another he accused Ms. Singley of speaking to a man when in fact she had not been speaking to anyone.

14. Taylor would make comments to Ms. Singley such as "Come sit on Daddy's lap," asked her to wear more revealing clothes and told her that she needed his "dick."  On one occasion, Taylor made a reference to the size of his penis.  When Ms. Singley told him that she was going to complain to Justin Hagedorn, a senior Trade Off supervisor, Taylor told her that Hagedorn would not accept her word over his.

15. In May 2017, Ms. Singley asked Taylor if he would assign her overtime.  Taylor

told her he would only assign her overtime if she agreed to have sex with him at least once a week.

16. At that point, Ms. Singley told a foreman at another site about Taylor's harassment. Ms. Singley was then transferred to a different location.

17. Ms. Singley later learned that Hagedorn stated that multiple other of Defendants' employees had complained about Taylor's sexual harassment.

18. Ms. Singley remained employed at Trade Off until August 2017.

## FIRST CLAIM FOR RELIEF
(Sexual Harassment in Violation of Title VII)

19. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. Defendants discriminated against, and harassed Plaintiff in the terms and conditions of her employment, based on her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

## THIRD CLAIM FOR RELIEF
(Sexual Harassment in Violation of NYCHRL)

21. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

22. Defendants discriminated against, and harassed Plaintiff in the terms and conditions of her employment based on her sex in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1. Enjoining Defendant from harassing Plaintiff on the basis of her sex, in the terms

and conditions of her employment;

    3.     Awarding Plaintiff back pay;

    4.     Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

    5.     Awarding Plaintiff punitive damages;

    6.     Awarding reasonable attorneys' fees, costs, and expenses, and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:      New York, New York
               May 30, 2018

                        GISKAN, SOLOTAROFF & ANDERSON LLP

                        /s

                        _____
                        By:    Jason L. Solotaroff
                        jsolotaroff@gslawny.com
                        217 Centre Street
                        New York, New York 10013
                        646-964-9640
                        ATTORNEYS FOR PLAINTIFF